**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DORIAN CARTER,           )
                              )
            Plaintiff,       )       Civil Action No. 09-1638
                              )
        v.                )       Judge Conti
                              )       Magistrate Judge Bissoon
JOSEPH VINCENT LUVARA and  )
JEFFREY MANNING,       )
                              )
        Defendants.     )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I**. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915A.

**II. REPORT**

This is a prisoner civil rights suit filed pursuant to 42 U.S.C. § 1983 by Dorian Carter, who is a state prisoner incarcerated at the State Correctional Institution at Pine Grove, located in Indiana, Pennsylvania. Defendants are the attorney representing Carter in a pending state court collateral criminal appeal, Joseph Luvara, and Judge Jeffrey Manning of the Allegheny County Court of Common Pleas, who are alleged to have conspired to prevent Carter from obtaining relief in his criminal appeal. Defendants' motive is alleged to be racial bias.

Carter has attached to his Complaint exhibits purporting to be several letters from Mr. Luvara to Carter, which consist largely of the mundane sort of communication that occurs during the representation of a criminal defendant, except for a few lines in each that contain the most outrageous sort of racial invective. Even a cursory glance at these letters reveals that all of the racial slurs and offensive comments have been added by Mr. Carter as a means of creating his

claimed conspiracy out of whole cloth (e.g., all of the offensive comments are squeezed in at the end of paragraphs, several of the entries are not properly aligned, etc.).

Also included in the exhibits are what Carter wishes the Court to believe to be a letter from Mr. Luvara to Judge Manning (Doc. 4-8) and a response from Judge Manning (Doc. 4-9). These are even more obvious forgeries than the rest, if for no other reason than Carter does not indicate how he came to possess private communications between an attorney and a judge. Further, Mr. Luvara is supposed to have signed his letter below the phrase "fax me," and then to have included the term "Sincerely" below his signature (Doc. 4-8).  And, finally, Carter's attempt to recreate Judge Manning's letterhead is farcical.  The letterhead does not identify the county or state, but does include a rebel flag, and "KKK" (with quotation marks) below a scanned image of Judge Manning's signature (Doc. 4-9).

Plaintiff has paid the filing fee in full.  Therefore, the provisions of the Prison Litigation Reform Act ("PLRA") relating to dismissal of actions filed *in forma pauperis* are not relevant. Nonetheless, the PLRA requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity.  28 U.S.C. § 1915A(a).  The Court is required to *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Carter is suing a sitting state court judge, i.e., a government official, and his claims are not just fantastic, they are plainly the product of Carter's own absurd attempts at forgery.

Carter's payment of the filing fee exempts him from review under the *in forma pauperis* provisions of the PLRA, but it does not require this Court to permit this silliness to continue.

### III.   CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915A(b)(1).

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 13, 2010.

December 30, 2009                                    s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States Magistrate Judge

cc:
**DORIAN CARTER**
GU-5205
S.C.I. at Pine Grove
191 Fyock Road
Indiana, PA 15701